[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action arises out of a claim by the plaintiffs, Laurel Anderson Haser (Laurel Haser) and Michael Haser, for underinsured motorist benefits under an automobile liability insurance policy issued by the defendant, Royal Insurance Company of America (Royal), to Laurel Haser's employer, Aeronautics Forwarders, Inc. (Aeronautics). The policy had a liability limit of $1,000,000. The parties are in disagreement, however, as to the amount of uninsured/underinsured coverage (UM coverage) available under the policy. Pursuant to General Statutes § 38a-336 (c), the parties submitted to compulsory arbitration before a three member arbitration panel. The arbitrators determined that the limit of underinsured motorist insurance available to the plaintiffs under the Royal policy was $1,000,000, and that Laurel Haser was entitled to an award of underinsured motorist benefits in the amount of $155,415.12. The plaintiff now seeks to confirm the arbitration award. The defendant has filed an application to vacate and/or modify the award.
The parties are in agreement that the sole issue in this case is whether, the arbitrators' implicit decision that the insured did not make a written request for a lesser amount of UM coverage, pursuant to General Statutes § 38-175c (a)(2), is supported by substantial evidence. General Statutes (Rev. to 1989) § 38-175c (a)(2) (now § 38a-336 (a)(2))[1] provides in pertinent part: "Notwithstanding any provision of this section to the contrary, each [automobile liability insurance] policy issued or renewed on and after July 1, 1984, shall provide uninsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless the insured requests in writing a lesser amount . . . ." (Emphasis added.). The plaintiffs argue that there is substantial, uncontroverted evidence in the record to support the arbitrators' determination. The defendant, however, contends that the insured, Aeronautics, purposefully and knowingly requested only $40,000 in UM coverage, the statutory minimum. Therefore, the defendant argues that arbitrators' award should be vacated and/or modified because they failed to correctly apply the law to the evidence in this case.
The only evidence in the record of a written request by the insured for a lesser amount of UM coverage is the commercial insurance application (application) relied on by the defendant. The application was prepared by Alexander Alexander, an insurance agent, and lists the statutory minimum UM coverage for each state CT Page 6086 in which insurance was sought. General Statutes § 38-175c (a)(2), however, requires the signature of the named insured on a written request to reduce UM coverage. Nationwide Mutual Ins. Co. v.Pasion, 219 Conn. 764, 771, 594 A.2d 468 (1991). "[A]n insured should make a purposeful and knowing decision to request a lesser amount of UM coverage." Travelers Indemnity Co. v. Malec,215 Conn. 399, 403-04, 576 A.2d 485 (1990). The record reflects that the application was not signed by any of the named insureds, including Aeronautics. Arbitration Record, Exhibit 8: Commercial Insurance Application, p. 1. In addition, the record indicates that this application was in the nature of a request for a premium quote, as opposed to an instruction to issue or purchase the policy. Arbitration Record, Exhibit 5: March 6, 1996 Arbitration Transcript, pp. 145-46.
The application relied upon by the defendant as the written request for lesser UM coverage was not signed by any of the named insureds, as required by § 38-175c (a)(2), therefore the arbitrators' decision that the amount of UM coverage was equivalent to the amount of liability coverage is supported by substantial evidence in the record. Accordingly, the plaintiffs' motion to confirm the arbitration award is granted, and the defendant's motion to vacate and/or modify the award is denied.
DEAN, J.